**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

CYRUS ROBINSON                           *
                                         *
            Plaintiff,                   *
v.                                       *
                                         *
KILOLO KIJAKAZI,                         *        No. 2:23-cv-00025-JJV
Acting Commissioner,                     *
Social Security Administration,          *
                                         *
            Defendant.                   *

**MEMORANDUM AND ORDER**

Plaintiff, Cyrus Robinson, has appealed the final decision of the Commissioner of the

Social Security Administration to deny his claim for disability insurance benefits.  Both parties

have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and the Complaint is DISMISSED with prejudice.

Mr. Robinson is 65 years old and has a high school education.   (Tr. 47,195.)   He has a strong work record having been employed as a school custodian for thirty years.   (Tr. 406.)

The ALJ[1] found Mr. Robinson had not engaged in substantial gainful activity since August 17, 2018 - the alleged onset date.   (Tr. 382.)   He has "severe" impairments in the form of "degenerative disc disease of the cervical and lumbar spine, osteoarthritis, and an adjustment disorder with depression and anxiety."   (*Id.*)   The ALJ further found Mr. Robinson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]   (Tr. 382-384.)   The ALJ determined Mr. Robinson had the residual functional capacity to perform a slightly reduced range of medium work given his impairments.   (Tr. 384.)   Based on the residual functional capacity assessment, the ALJ determined Mr. Robinson could no longer perform any of his past relevant work.   (Tr. 391-392.)   So, the ALJ moved to Step Five and utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite his impairments.   Based in part on the testimony of the vocational expert, (Tr. 412-415), the ALJ determined Plaintiff could

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

perform the jobs of floor worker and sweeper/cleaner.   (Tr. 393.)   Accordingly, the ALJ determined Mr. Robinson was not disabled.   (*Id*.)

The Appeals Council received additional information and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 371-374.)   Plaintiff filed the instant Complaint initiating this appeal.   (Doc. No. 2.)

In support of his Complaint, Plaintiff argues that the ALJ erred at Step Five and incorrectly determined he could perform work at the medium exertional level.   (Doc. No. 10 at 15-19.) Specifically, Mr. Robinson argues the ALJ failed to give appropriate credit to the opinion of his treating physician, Harry A. Michel, M.D.

Dr. Michel completed a Medical Source Statement whereby he reported Plaintiff was very limited.   (Tr. 339-341.)   If fully credited, Dr. Michel's opinions would likely mean Plaintiff was disabled.

Claims filed after March 27, 2017, like Mr. Robinson's, are analyzed under 20 C.F.R. § 404.1520c.   *Pemberton v. Saul*, 953 F.3d 514, 517 n.2 (8th Cir. 2020).   Under the current regulatory scheme, the Commissioner "will not defer or give any specific weight, including controlling weight, to any medical opinion(s)," including those from the claimant's treating physicians.   20 C.F.R. § 404.1520c(a).   The regulation instructs the ALJ to determine the persuasiveness of each medical source or prior administrative medical findings based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that tends to support or contradict a medical opinion.   20 C.F.R. § 404.1520c(a), (c).   The ALJ is required to "explain" his decision as to the two most important factors—supportability and consistency.   20 C.F.R. § 404.1520c(b)(2).   "The more relevant the objective medical evidence and supporting explanations presented" and the "more

3

consistent a medical opinion(s) or prior administrative medical finding(s) is with evidence from

other medical and non-medical sources, the more persuasive the opinion(s) or prior administrative

medical finding(s) will be."   20 C.F.R. § 404.1520c(c)(1)-(2).

After a close review of the medical evidence, I find that the ALJ properly evaluated the

opinions of Dr. Michel.   The ALJ addressed both supportability and consistency factors, stating:

> As for the opinion evidence, for claims filed on or after March 27, 2017, in
> accordance with the Regulations, "we will not defer or give any specific evidentiary
> weight, including controlling weight, to any medical opinions(s)" (20 CFR
> 404.1520(c) and 416.920c). Instead, we will consider the persuasiveness of those
> medical opinions using the factors specified in 20 CFR 404.1520c(c) and
> 416.920c(c), with supportability and consistency as the most important factors.

(Tr. 390.)

In assessing Dr. Michel's Medical Source Statement, the ALJ stated:

> In January 2020, Dr. Michel assessed the claimant as able to lift less than 10 pounds,
> stand and walk less than two hours per day at one-minute intervals, and sit less than
> two hours per day, with the need for frequent rest periods, extended breaks, and the
> ability to shift positions at will. He assessed the claimant as completely unable to
> reach or handle, requiring the need to avoid all exposure to extreme heat or cold,
> sunlight, or pulmonary irritants, and the need to miss more than three days of work
> per month (Exhibit 7F). The undersigned finds this opinion unpersuasive, as it is
> unsupported by the objective medical evidence, the opinions of the two examining
> physicians, and the findings from Dr. Michel's own treatment facility, which
> document some decreased back flexion and extension due to discomfort but normal
> range of motion in his extremities and no neurological issues (Exhibit 9F). The
> medical evidence does not show the claimant is unable to use his arms or hands,
> and the claimant's voluntary exposure to cigarette and marijuana smoke indicates
> the ability to tolerate pulmonary irritants.

(*Id.*)

Although there is some evidence in the record of Mr. Robinson's limitation due to back

pain, I find no reversible error here.   Dr. Michel's treatment notes are inconsistent with his

Medical Source Statement and fail to support complete disability.   (Tr. 343-344, 347-370.)

Additionally, as both ALJ and Commissioner noted, Plaintiff was inconsistent in seeking treatment

4

and following his doctor's treatment recommendations.   (Tr. 388, Doc. No. 12 at 5.)   For example, Plaintiff was instructed to follow up with Dr. Michael on October 24, 2019, but did not return until January 7, 2020, when requesting a medication refill.   (Tr. 355, 360.)   He was recommended to seek imaging but failed to follow up with his doctor's recommendation. (Tr. 353, 387.)   And after seeing his advance nurse practitioner for chronic back pain on March 4, 2020, (Tr. 350-351), he waited over a year to resume medical treatment on April 28, 2021.   (Tr. 585-588.)

Additionally, imaging results fail to support an allegation of complete disability.   (Tr. 292-293, 297-298, 300-301, 329.)   So, the ALJ could rightly conclude, "that the claimant's medically determinable impairments could reasonably be expected [to cause some of the] alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."   (Tr. 387-388.)

Mr. Robinson also challenges the ALJ's assessment of his subjective symptoms.   (Doc. No. 10 at 19-22.)   He says, "The most significant omission from the ALJ's consideration is Robinson's long work record. Robinson has worked for 43 years, of which 34 of those years were as a custodian for the West Memphis School District. (Tr. 200-14). The ALJ's written decision fails to mention this long work record."   (*Id.* at 21.)   Plaintiff makes a good point.   And his substantial work history is highly commendable and relevant.   Yet, I am unwilling to remand this matter based on this one point.   The question before me is whether the ALJ's decision is supported by substantial evidence.   Given the opinions of Sudhir Kumar, M.D., Shakeb Hashmi, M.D., David Hicks, M.D., Alice Rogado, M.D., and Jerry Thomas, M.D., I find the ALJ could rightly conclude Plaintiff was capable of medium work.

Plaintiff's counsel has very admirably fought for Mr. Robinson's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 1382(a)(3)(A).   A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 18th day of September 2023.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE